UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT MORENO,<br><br>　　　　　Defendant. | Case No.: 1:21 CR 303 JLT/SKO<br><br>ORDER DENYING MOTION FOR TEMPORARY RELEASE |

Mr. Moreno seeks to be released temporarily to allow him to travel to San Francisco to be evaluated at the Delancey Street Foundation, which provides substance abuse treatment and vocational training for convicted criminals and drug abusers.

Mr. Moreno is set to enter a guilty plea on September 11, 2023, to a charge that carries with it a maximum term of incarceration of life and a mandatory minimum term of 10 years. Moreover, the Court detained him pending his trial at the onset of this case due to his significant criminal history—with five prior felony convictions—his history of probation violations and warrant arrests, his commission of new law violations while on supervision, his membership in the Bulldogs criminal street gang, and due to his substance abuse history[1]. (Pretrial Services Reports; Doc.17)

---

[1] When Mr. Moreno sought pretrial release in 2022, he cited the fact that he had been sober for a year and indicating that, though, "Previously, his substance abuse issues were a significant concern," they no longer were. (Doc. 46 at 2) Thus, the Court questions why Delancey Street is appropriate at this time.

Kathy Grinstead "runs the Early Intervention Services program which is part of the Central Valley Regional Services[2]," and which is contracted with "the Eastern District of California Federal Defender's Office to transport individuals released from custody to mental health services including the Delancey Street program." She reported to Mr. Rooney, Mr. Moreno's attorney, that, "the Delancey Street Foundation has accepted Mr. Moreno for an interview and assessment for admission to their program." Doc. 71-1 at 2. She reports further that, "post-pandemic Delancey Street personnel prefer in-person to Zoom or telephone interviews and assessment. They believe that an in-person meeting enables a better assessment on both sides – both the program's evaluation of the applicant and the applicant's appreciation of the program's requirements and the facility itself."[3] (Doc. 71-1 at 2) Though this may be the preference, this is far from a showing of compelling need to allow Mr. Moreno to be released.[4] Moreover, though Mr. Moreno has been allowed two prior instances of temporary release to attend services related to the deaths of loved ones, here there is no compelling need for temporary release now. Thus, the request for temporary release from custody is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 8, 2023**

UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware that this program works with toddlers with developmental disabilities.
[3] Ms. Grinstead fully admits that if a person being transported chooses to not reenter the transport vehicle, her staff will not attempt to restrain them or force them to do so.
[4] The Court is aware that even before the pandemic, Delancey Street did require in-person meetings.